**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TANNER JORDAN SMITH,** | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | **4:24-CV-01099-SDJ-AGD** |
| **STATE of TEXAS** | § | |
| **and** | § | |
| **HAVEN BRIANN ISOM** | § | |
| **Defendants.** | § | |

**DEFENDANT ISOM'S ORIGINAL ANSWER**

Subject to her Motion to Dismiss for Failure to State a Claim (Doc. 15), and without waiving same, Defendant Haven Briann Isom ("Isom") files her Original Answer to Plaintiff's Complaint filed on or around 12/02/24 ("Complaint"), as follows:

**ANSWER**

**"I. Introduction" Allegations[1]**

1.    Isom admits that Plaintiff is the biological father of E.I. and that Isom, E.I.'s biological mother, gave birth to E.I. on 09/23/22. Isom, however, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph and therefore denies those.

2.    Isom admits that the 481st District Court of Denton County, Texas ("Custody Court"), in a Suit Affecting Parent-Child Relationship, custody proceeding, that Plaintiff filed on or around 12/02/22 against Isom, signed a Final Order dated 10/23/23 (Doc. 1-1 to Plaintiff's Complaint) following a 2-day bench trial on 08/31/23 and 09/01/23, at the end of which bench trial the Custody Court "judicially PRONOUNCED AND RENDERED in court at Denton, Denton County, Texas on September 1, 2023 [its Final Order] and further noted on the Court's

---

[1] Isom formats her Original Answer corresponding to the paragraph numbers and headings (which numbering Plaintiff restarted within each heading) in Plaintiff's Original Complaint (Doc. 1) that Plaintiff entitled, "Petition for Relief Under Indian Child Welfare Act."

docket sheet on the same date, and signed the Final Order on 10/23/23[2]," naming Isom as E.I.'s sole managing conservator, and the Custody Court provided required timing and conditions of Plaintiff's pathway to Texas law-enforcement supervised access to E.I., all supported by credible evidence of Plaintiff's history or pattern of family violence against and physically abusing Isom and Plaintiff's history and general propensity towards violence. Isom further admits the Custody Court's Final Order was, after Plaintiff's appeal and motion to reconsider, fully and finally affirmed by the Fort Worth Court of Appeals, after Plaintiff failed to seek further review by the Texas Supreme Court.[3] Other than as expressly admitted, Isom denies Plaintiff's allegations in this Paragraph.

### "II. Parties" Allegations

1.      Isom lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations about his current residence or Plaintiff's allegations about his current enrollment status with The Chickasaw Nation.

2.      Isom lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations about the State of Texas.

3.      Isom admits she is E.I's biological mother and sole managing conservator pursuant to the Custody Court's 10/23/23 Final Order, pronounced and rendered on 09/01/23 and signed on 10/23/23. For the best interests, safety and well-being of E.I. and Isom in light of Plaintiff's domestic violence history or pattern against Isom and others, Isom neither confirms nor denies Plaintiff's allegations about her residence address and/or county, which is confidential

---

[2] *See* Final Order (Doc. 1-1) at p. 21. Isom also asks the Court to take judicial notice of the court records identified in and/or attached to this Answer, which Isom incorporates herein. FED. R. EVID. 201.

[3] Isom incorporates by reference Ex. 4 and Ex. 5 (Doc. 15-4 and Doc. 15-5) to her Motion to Dismiss (Doc. 15), which are true and correct copies of the Memorandum Opinion and Judgment on En Banc Reconsideration, dated 11/21/24 with the appellate court's transmittal letter, and that court's 01/30/25 Mandate with its transmittal letter, all of which the Court is asked to take judicial notice pursuant to FED. R. EVID. 201.

and shall remain undisclosed pursuant to the Custody Court's Final Order (*See* Doc. 1-1 at p. 18). Except as expressly admitted, Isom denies Plaintiff's allegations in this Paragraph.

### "III. Jurisdiction and Venue" Allegations

1. Isom admits that Plaintiff attempts or purports to state a claim arising under federal law, including the Indian Child Welfare Act (ICWA) and/or the 5th or 14th Amendments to the United States Constitution although Isom denies Plaintiff has the required statutory standing because Plaintiff's Complaint and its attachment, and court records establish, as a matter of law, that Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are fully and finally decided and will not change, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under FED. R. CIV. P. 12(c), that Plaintiff take nothing by his claims.

2. Isom denies Plaintiff's allegation that venue is or was proper in the Western District of Oklahoma. Isom lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations about in what United States Court District Plaintiff currently resides and about whether or not "the Chickasaw Nation [which is not a party] has a compelling interest in the outcome of this matter." Isom, however, admits that venue in this Court appears proper and that Isom is subject to personal jurisdiction in this Court.

### "IV. Statement of Facts" Allegations

1. Isom admits that on or around 12/02/22 in the Custody Court, Plaintiff filed a Suit Affecting Parent-Child Relationship against Isom in which he sought joint custody of E.I., among other relief. Isom lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations about whether or not E.I. is "a Chickasaw child subject to ICWA" although Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a

parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are fully and finally decided and will not change, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

2.        Isom admits the Custody Court signed a Final Order (Doc. 1-1) dated 10/23/23 following a 2-day bench trial on 08/31/23 and 09/01/23, and immediately following conclusion of evidence and argument of counsel for Plaintiff and counsel for Isom, the Custody Court "judicially Pronounced and Rendered, on the record...on 09/01/23" its final decision naming Isom as E.I.'s sole managing conservator and provided the required timing and conditions of Plaintiff's pathway to law-enforcement supervised access to E.I., all supported by evidence of Plaintiff's behavior in front of the Custody Court Judge, Plaintiff's history or pattern of family violence against and physically abusing Isom and Plaintiff's general propensity towards violence. Isom also admits the Custody Court's 09/01/23 pathway requirements mirrored the Custody Court's Temporary Orders imposing requirements for Plaintiff to complete in order to gain access to E.I.—the Temporary Orders were signed 03/17/23[4] after notice to Plaintiff and Plaintiff appeared in person for that hearing on 03/14/23 although Plaintiff became agitated and abruptly departed the Temporary Orders Hearing before it ended. Isom further admits that both the 03/17/23 Custody Court Temporary Orders and the 10/23/23 Final Order required, as part of Plaintiff's pathway to access to E.I., that Plaintiff complete at least the following:

i.        Batterer's Intervention and Prevention Program (BIPP) by Friends of the Family, Denton County (https://dcfof.org/bippregistration/). *See* 03/17/23 Temporary

---

4  Isom incorporates by reference Ex. 1 (Doc. 15-1) to her Motion to Dismiss (Doc. 15), a certified copy of the 03/17/23 Temporary Orders, asking the Court take judicial notice under FED. R. EVID. 201.

Orders (Ex. 3 hereto) at p. 6 and Final Order (Doc. 1-1) at p. 15, and at Plaintiff's request, the Custody Court required the BIPP be completed by 08/01/24 and allowed in the Final Order (Doc. 1-1) at p. 15 that Plaintiff could instead complete a BIPP offered by The Chickasaw Nation, called O.T.A.P., and during the bench trial on 08/31/23, Plaintiff admitted he had not enrolled or tried to enroll in the required BIPP (Vol. 5 Rep. Record [Ex. 4 hereto] at 79/24 − 80/5) [5]; and

ii.    Co-Parenting Education classes, including (1) Between Two Homes "Making Two Homes Work" https://betweentwohomes.com/making-two-homes-work and (2) Between Two Homes "Boundaries" https://betweentwohomes.com/boundaries, and (3) "Children in the Middle" www.childreninthemiddle.com, a parenting education and stabilization course. 03/17/23 Temporary Orders (Ex. 3 hereto) at p. 6 and Final Order (Doc. 1-1) at p. 15, and during the bench trial on 08/31/23 (*See* Vol. 5 Rep. Record [Ex. 4 hereto] at 79/24 − 80/5), Plaintiff admitted he received but "didn't read the temporary orders very thoroughly" (Vol. 5 Rep. Record [Ex. 4 hereto] at 81/20-23), and the Custody Court ordered during the bench trial on 09/01/23 that Plaintiff complete "a co-parenting class by 10/01/23." Vol. 6 Rep. Record [Ex. 5 hereto] at 145/12-16.

iii.    Isom admits that the Custody Court pronounced and rendered its decision, on the record in the presence of Plaintiff and Isom, and their respective counsel, after the bench trial concluded on 09/01/23 and also in its Final Order (Doc. 1-1 at p. 6), that "prior to supervised access of the child beginning, IT IS ORDERED that Tanner Smith shall complete the following and **only upon successful and timely completion of the**

---

[5]  Isom incorporates by reference Ex. 2 and Ex. 3 (Doc. 15-2 and 15-3) to her Motion to Dismiss (Doc. 15), which are, respectively, true and correct excerpts of Vol. 5 and 6 of the Reporter's Record from the Custody Court bench trial 08/31/23 and 09/01/23 and asks the Court take judicial notice pursuant to FED. R. EVID. 201.

**following**, IT IS ORDERED that Tanner Smith have supervised access of the child per the provisions herein:

1)   Batterering Intervention and Prevention Programming (BIPP) per the BIPP provisions herein completed by June 1, 2024;

2)   Parenting Classes completed by October 1, 2023 per the Parent Education and Stabilization Provisions herein; and

3)   Completion by Tanner Smith of the psychological evaluation ordered herein."

Except as specifically admitted above, Isom denies Plaintiff's allegations in this Paragraph 2, including any allegation that Plaintiff's future access to E.I. is, was or will be precluded forever; instead, Plaintiff holds the keys to his supervised access to E.I., but Plaintiff steadfastly refuses to satisfy the Custody Court's pathway to such access, and if circumstances materially and significantly change, then the Texas Family Code expressly permits Plaintiff seeking modification of the Final Order.

3.   Isom denies Plaintiff's allegations in this Paragraph 3 because the Custody Court's Final Order (Doc. 1-1) did not strip or terminate Plaintiff's parental rights, and the Final Order granted Plaintiff a pathway to supervised access to E.I., but Plaintiff, knowing the requirements for such access from and since the 03/17/23 Temporary Orders (Ex. 3 hereto) and the Custody Court's 09/01/23 pronouncement of the Final Order in open court, on the record, and in Plaintiff's presence, still has not completed the requirements.

4.   Isom denies Plaintiff's allegations in this Paragraph 4 because the Custody Court's Final Order does not "deny[] Plaintiff any involvement in his daughter's life" and does not "sever[] her ties to her Chickasaw heritage," and does not "constitute a de facto termination of Plaintiff's parental rights;" instead, the Custody Court's Final Order (Doc. 1-1) determined custody and custodianship in the custody proceeding that was between only E.I.'s two parents, without any termination of Plaintiff's parental rights or request for same, and, in light of

Plaintiff's history and pattern of family violence against and physically abusing Isom, the Custody Court properly limited Plaintiff's possession and access to E.I. consistent with TEX. FAM. CODE §153.004 by establishing the steps Plaintiff must complete to earn supervised access to E.I., all which determinations have been fully and finally affirmed by the state appeals court after Plaintiff's appeal.

**"V. LEGAL CLAIMS" Allegations**
**"A. ICWA Violations" Allegations**
**"1. De Facto Termination of Parental Rights Without ICWA Compliance" Allegations**

i.        This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that the Custody Court's Final Order (Doc. 1-1) is or constitutes a "complete and indefinite removal of Plaintiff's involvement in E.I.'s life," and Isom denies that the Custody Court's Final Order "amounts to a de facto termination of [Plaintiff's] parental rights" in the custody proceeding that was between only E.I.'s two parents, without any termination of Plaintiff's parental rights or any request for same.

ii.        This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments.

iii.        This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments.

iv.        This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that the Custody Court's Final Order set an already expired, illusory, or impossible-to-meet deadline for Plaintiff's timely completion of a requirement for a pathway to Plaintiff having supervised access to E.I. because the Custody Court first set that requirement in the 03/17/23 Temporary Orders (Ex. 3 hereto) at p. 6, and the Custody Court judicially pronounced and

rendered the 10/01/23 co-parenting class deadline on 09/01/23 in Plaintiff's presence and in open court on the record after the bench trial. Vol. 6 Rep. Record (Ex. 5 hereto) at 146/12-16.

v.       This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments.

vi.       This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments.

vii.       This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom admits that because Plaintiff still has not satisfied the requirements for his pathway to supervised access to E.I., all resulting from Plaintiff's own behavior, including family violence visited upon Isom and violence against others, Plaintiff has not met E.I., and Plaintiff has not spoken by telephone to E.I. who is 2-years old.

viii.       This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that "Plaintiff's parental rights" were "de facto terminated by" the Custody Court's Final Order" in the custody proceeding that was between only E.I.'s two parents, without any termination of Plaintiff's parental rights or any request for same, and Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are immutably fully and finally decided, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

### "2. Heightened Evidentiary Burden" Allegations

i.          This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that Plaintiff's parental rights were terminated, and Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are fully and finally decided and will not change, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

ii.         This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that Plaintiff's parental rights were terminated, and Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are immutably fully and finally decided, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

### "3. Failure to Make Active Efforts" Allegations

i.          This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that Plaintiff's parental rights were terminated, Isom denies that the Final Order failed to "make [any required] active efforts," and Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been

terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are immutably fully and finally decided, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

### "4. Severance of Tribal Connections" Allegations

i.      This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that the Custody Court's Final Order "den[ies] Plaintiff any ability to foster a relationship with E.I. or introduce her to her Chickasaw heritage" or "violates ICWA's goal of preserving Native American familial and tribal connections," and Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are immutably fully and finally decided, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

### "B. Constitutional Violations" Allegations

### "1. Due Process" Allegations

i.      This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that "[Plaintiff was] deprived of his parental rights without adequate procedural safeguards, including the opportunity to meaningfully comply with its conditions."

**"2. Equal Protection" Allegations**

i.        This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that the Custody Court "discriminated against Plaintiff as a Native American parent," and Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are immutably fully and finally decided, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

ii.        This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are immutably fully and finally decided, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

iii.        This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments. Nevertheless, and in an abundance of caution, Isom denies that Plaintiff has the required statutory standing because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; therefore, Plaintiff's Complaint fails to state a claim on which this Court can grant relief, and because his standing facts are immutably fully and finally decided, this Court should

either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims.

### "C. Federal Case Law on De Facto Termination" Allegations

1. This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments.

2. This Paragraph is devoid of allegations of fact, and, therefore, Isom need not admit or deny Plaintiff's self-serving arguments.

### "VI.  RELIEF REQUESTED" Allegations

Isom acknowledges that Plaintiff seeks such relief, but Isom denies that Plaintiff is entitled to any such relief against Isom because, among other reasons, Plaintiff fails to state a claim on which this Court can grant relief because Plaintiff lacks the required statutory standing under ICWA because Plaintiff is not a parent of an Indian Child whose parental rights have been terminated or from whom an Indian Child has been removed; and because his standing facts are immutably fully and finally decided, this Court should either dismiss with prejudice under FED. R. CIV. P. 12(b)(6) or grant final judgment, under Fed. R. Civ. P. 12(c), that Plaintiff take nothing by his claims..

### ISOM's AFFIRMATIVE DEFENSES

1. Estoppel, including without limitation equitable estoppel, quasi-estoppel and/or estoppel in pais bars Plaintiff's claims in whole or in part because, among other things, Plaintiff's own actions and omissions, including during and throughout the custody proceeding, and later appeal, both of which he initiated as he sought joint custody between Plaintiff and Isom, E.I.'s two parents, and it would be inequitable to allow him now to collaterally attack in Federal Court the final and affirmed custody decision of the Custody Court, after Plaintiff failed to raise any

ICWA issue in the custody proceeding that was between only E.I.'s two parents, without termination of Plaintiff's parental rights or any request for same.

2. Waiver bars Plaintiff's claims in whole or in part because, among other things, Plaintiff's own actions and omissions Plaintiff's own actions and omissions, including during and throughout the custody proceeding, and later appeal, both of which he initiated as he sought joint custody between Plaintiff and Isom, E.I.'s two parents, and Plaintiff failed to raise any ICWA issue in the custody proceeding that was between only E.I.'s two parents, without termination of Plaintiff's parental rights or any request for same.

3. Judicial estoppel, res judicata, claim preclusion, collateral estoppel, and/or issue preclusion bars Plaintiff's claims in whole or in part because of, among other things, the orders, findings, rulings, judgments, and final affirmance on appeal of the Custody Court's custody and access decision, all after Plaintiff had proper notice and a full and fair opportunity to be heard.

4. Failure of one or more conditions precedent bars Plaintiff's claims in whole or in part, including, without limitation, Plaintiff's past and continuing failure to satisfy one or more conditions, bars Plaintiff's claims in whole or in part because, among other things, Plaintiff failed to satisfy the requirements for supervised access to E.I.

5. Plaintiff's acquiescence bars Plaintiff's claims in whole or in part because, among other things, Plaintiff's own actions and omissions with proper notice and opportunities to be heard, including during and throughout the custody proceeding, and later appeal, both of which he initiated as he sought joint custody between Plaintiff and Isom, E.I.'s two parents, and it would be inequitable to allow him now to collaterally attack in Federal Court the final and affirmed custody decision of the Custody Court after Plaintiff failed to raise any ICWA issue in the custody proceeding that was between only E.I.'s two parents, and without termination of Plaintiff's parental rights or any request for same.

**PRAYER FOR RELIEF**

Isom requests that on final hearing, the Court dismiss with prejudice or render Final Judgment that Plaintiff take nothing by his claims, and grant any other relief to which Isom is entitled.

Respectfully submitted,

/s/  V. Elizabeth Kellow

V. Elizabeth Kellow
State Bar No. 11213750
EKellow@MKTexasLaw.com
**MARSHALL & KELLOW, LLP**
4099 McEwen STE 400
Dallas, Texas 75244
Telephone:    (214) 956-0200
Telecopy:     (214) 615-1390
**ATTORNEY FOR HAVEN BRIANN ISOM**

**CERTIFICATE OF SERVICE**

I certify on 02/24/2025, a true and correct copy of this document is being served electronically using the Court's ECF electronic notification system and otherwise, I will email this document to the pro se Plaintiff at the email address he has provided to me and the Court.

/s/  V. Elizabeth Kellow